UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JUDE M.,** | Civil Action No. 20-1948 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **RONALD EDWARDS, et al.,** | |
| Respondents. | |

**WIGENTON**, District Judge:

Presently before the Court is the *pro se* petition for a writ of habeas corpus of Petitioner, Jude M., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). As Petitioner has now paid the applicable filing fee, this Court is required to screen the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 habeas petitions such as Petitioner's pursuant to Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the following reasons, Petitioner's habeas petition is dismissed without prejudice.

**I. BACKGROUND**

Petitioner is a native and citizen of Uganda who became a legal permanent resident of the United States following his arrival as a refugee in 1985. (ECF No. 1 at 1). In October 2002, Petitioner pled guilty by way of a plea agreement to one charge of armed bank robbery in the Eastern District of Arkansas. (*Id.* at 8-14). As part of that plea agreement, the Government agreed to "waive[] any right it may have pursuant to Title 8, United States Code, Section 1228(c) to request judicial removal of an alien convicted of an aggravated felony." (*Id.* at 9). The

Government made no other promises in that agreement regarding the immigration consequences of Petitioner's plea. (*Id.* at 8-14).

Following Petitioner's release from prison, he was taken into immigration custody and placed in removal proceedings in October 2007. (*Id.* at 1). Petitioner received a final order of removal, but was ultimately released from immigration detention in May 2008 under an order of supervision as the Government had not been able to remove him to Uganda at that time. (*Id.* at 1-2, 5). Petitioner was taken back into immigration custody in October 2019 as the Government prepared to deport him. (*Id.* at 5). Petitioner has remained in detention since that time. (*Id.*). By his own admission, Petitioner's removal is now imminent, and he has now been moved to Louisiana in preparation for his removal. (*Id.* at 1; ECF No. 4).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), the courts are required to preliminarily review habeas petitions and

determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**B. Analysis**

In his habeas petition, Petitioner asserts a single claim that his being removed pursuant to his admittedly final order of removal is unlawful because he believes that his removal order is barred by the plea agreement he entered into in 2002. Although Petitioner does request his release, that request is based entirely on his argument that his removal order is unlawful, and is merely ancillary to his claim that the Government's attempts to remove him amount to a denial of Due Process insomuch as he believes they run contrary to his contractual plea agreement with the Government. Petitioner thus seeks in actuality to challenge the validity of the final order of removal he received in 2008.

In adopting the REAL ID Act, Congress restricted the jurisdiction of district courts to grant relief to immigration detainees challenging their orders of removal or actions related to such orders through habeas petitions. *See* 8 U.S.C. § 1252(a)(5). Pursuant to the Act,

> [n]otwithstanding any other provision of law (statutory or nonstatutory), including [28 U.S.C. § 2241], or any other habeas corpus provision, and [28 U.S.C. §§ 1361 and 1651, the statutes which provide the basis for mandamus jurisdiction,] a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus pursuant to [28 U.S.C. § 2241], or any other habeas corpus provision, [28 U.S.C. §§

> 1361 and 1651], and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5). The statute likewise provides that

> [j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under [8 U.S.C. § 2241] or any other habeas corpus provision, by [28 U.S.C. §§ 1361 or 1651], or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). As the Third Circuit has explained, Congress's goal in passing the REAL ID Act was "to streamline . . . uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeals (petitions for review)," which Congress sought to achieve "[b]y placing all review in the courts of appeals [thus providing] an adequate and effective alternative to habeas corpus." *Verde-Rodriguez v. Atty' Gen.*, 734 F.3d 198, 206-07 (3d Cir. 2013). Under the REAL ID Act, then, this Court has no jurisdiction to grant relief based on a challenge to the validity of a final order of removal such as the one Petitioner seeks to challenge here. Such a claim could only be brought as part of a petition for review before the appropriate Court of Appeals, an avenue Petitioner chose not to pursue when he declined to appeal his final order of removal after its entry twelve years ago. As such, this Court is without jurisdiction to address Petitioner's claim, and his habeas petition is dismissed.[1]

---

[1] Although the Court need not and does not rule on the merits of Petitioner's claim, it does appear that he is mistaken in his belief that his plea agreement prevented the Government from securing a final order of removal against him through removal proceedings. In his plea agreement, the Government agreed only to waive a *judicial* removal order pursuant to 8 U.S.C. § 1228(c) – a provision which allows the *sentencing judge* in a federal prosecution to enter a final order of removal at the time that a criminal defendant is sentenced following a conviction for an aggravated felony. Nothing in his plea agreement appears to bar the Government in any way from pursuing

4

### III. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition is dismissed without prejudice. An appropriate order follows.

Dated: April 3, 2020

                                             *s/ Susan D. Wigenton*
                                             Hon. Susan D. Wigenton,
                                             United States District Judge

---

an administrative order of removal through the normal removal procedure of proceedings before an immigration judge, which is the course that appears to have been taken in Petitioner's underlying removal proceedings. Petitioner thus appears to be incorrect in his assertion that his plea agreement renders his final order of removal invalid or otherwise unconstitutional.